FILED
SEP 23 2005
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RICHARD BLACK and JEROME HILL )
Individually and on Behalf of All Others )
Similiarly Situated, )
)
Plaintiffs, )
)
vs. )   CASE NO. _____
)
BROWN & WILLIAMSON TOBACCO )   JURY TRIAL DEMANDED
CORPORATION, BRITISH-AMERICAN, )
TOBACCO (INVESTMENTS), LTD., ) 4:05CV01544ERW
and BRITISH AMERICAN TOBACCO, )
P.L.C., )
)
Defendants. )

## NOTICE OF REMOVAL

Defendant Brown & Williamson Tobacco Corporation (B&W) hereby gives notice of removal of the civil action *Richard Black and Jerome Hill Individually and on Behalf of All Others Similarly Situated v. Brown & Williamson Tobacco Corporation, British-American, Tobacco (Investments) Ltd., and British America Tobacco, P.L.C.,* Case No. 002-08526, Division 7 (the "state court action"), from the Circuit Court for the Twenty-Second Judicial Circuit of Missouri (City of St. Louis), to the United States District Court for the Eastern District of Missouri. B&W files this notice of removal pursuant to 28 U.S.C. §§ 1442(a) and 1446.

As grounds for removal, defendant states as follows:

1. B&W was served with a copy of the First Amended Class Action Petition on or about November 22, 2002. To date, none of the other defendants has been served with the Complaint. Accordingly, all named and served defendants join in this removal.

28 U.S.C. § 1441 (b). Moreover, joinder of all defendants to removal is unnecessary where the basis for removal is federal officer jurisdiction. *See Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034-1035 (10th Cir. 1998)

    2.    Removal of this action is not based on service of the complaint. Removal is based on B&W's receipt of an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). On August 25, 2005, the United States Court of Appeals for the Eighth Circuit issued an order and opinion affirming the district court's holding that a putative "lights" cigarette class action is subject to federal jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a). *See Watson v. Philip Morris Cos.*, 420 F.3d 852, 863 (8th Cir. Aug. 25, 2005), *petition for reh'g filed*, Sept. 21, 2005. The Court of Appeals for this Circuit upheld the district court's denial of plaintiffs' motion to remand that action.

    3.    *Watson* involves similar consumer fraud claims and is premised on legal theories and factual allegations virtually identical to those here. In *Watson*, as here, plaintiffs alleged that a cigarette manufacturer engaged in deceptive conduct "in connection with the manufacture, distribution, promotion, marketing, and sale of" light cigarettes. *Id.* at 854. Among other things, plaintiffs alleged that the cigarette manufacturer "designed its cigarettes to deliver more tar and nicotine to smokers than its use of the labels 'lights' and 'lowered tar and nicotine' in its advertising would suggest," *id.*, and that the "use of low tar descriptors such as 'lights' or 'lowered tar' are deceptive and misleading." *Id.* at 861.

    4.    The *Watson* court found that all four requirements necessary for federal officer removal were satisfied. *First*, the court concluded that the defendant was acting

"under the direction" of the FTC, explaining that the FTC exercises "comprehensive, detailed regulation" with respect to the measurement and disclosure of tar and nicotine yields and that the FTC "controls the delivery of tar and nicotine information to consumers." *Id.* at 858; *see also id.* at 863-864 ("the FTC's direction and control of the testing and marketing practices at issue is extraordinary") (Gruender, J., concurring).

5. *Second*, the court concluded that there was a "'causal connection' that links the federal officer's direction and control to the acts challenged in the plaintiffs' complaint." *Id.* at 861-862. The court explained that the plaintiffs there "claim it is deceptive for Philip Morris to use a low tar descriptor in conjunction with its cigarettes' FTC rating. The very combination [plaintiffs] challenge as deceptive is the same combination the FTC requires to *not* be deceptive. Whether Philip Morris's labeling of cigarettes as 'lights' is deceptive directly implicates the enforcement and wisdom of the FTC's tobacco policies." *Id.* at 862 (emphasis in original).

6. *Third*, the court had "no hesitation in concluding that Philip Morris, in its Notice of Removal, has set forth a colorable federal defense." *Id.* at 863. *Finally*, the court held that a corporation such as the defendant cigarette manufacturer qualifies as a "'person' within the requirements of federal officer removal." *Id.*

7. The rationale and conclusions reached in *Watson* apply here as well: B&W is a cigarette manufacturer that has acted under the direct control of the FTC at all times; plaintiffs' claims are causally connected to acts performed by B&W under the FTC's direction; B&W has a colorable federal defense to plaintiffs' claims; and B&W is a "person" within the meaning of 28 U.S.C. § 1442(a)(1).

8. B&W was subject to the same FTC regulations at issue in Watson, and B&W acted under the control of the FTC at all times relevant to plaintiffs' claims.

- B&W was part of the agreement with FTC in 1970 to disclose the results of cigarette testing using the Cambridge Filter Method in all of its cigarette advertising. *Watson* at 855, 859.

- B&W self-tested its cigarettes using the Cambridge Filter Method under the control of the FTC beginning around 1987 and has done so regularly since that time. *Id.* at 855.

- B&W utilized descriptors, including "low tar", relying on test results under the Cambridge Filter Method and the FTC's definition of "low tar." *Id.* at 862.

9. Plaintiffs' claims and the factual allegation on which they are based are identical to those made by plaintiffs in Watson.

- Plaintiffs challenge B&W's marketing and promotion of low tar cigarettes and B&W's representations concerning Kool Lights cigarettes, and Plaintiffs contend that B&W deceived consumers. *See* First Amended Class Action Petition, ¶¶ 11-14, attached as Ex. A.

- Plaintiffs specifically allege that B&W's representations that "Kool Lights cigarettes are 'light' (lower in tar and nicotine) than regular cigarettes are deceptive and misleading and constitute unfair business practices." First Amended Class Action Petition, ¶12, attached as Ex. A.

10. B&W has asserted a "colorable federal defense" to plaintiffs' claims. As in *Watson*, B&W has asserted that plaintiffs' claims are preempted by the Federal Cigarette Labeling and Advertising Act. B&W's Answer to First Amended Class Action Petition, Fourth Defense, attached as Ex. B.

11. This Notice of Removal is timely "filed within thirty days after receipt by the defendant[s], through service or otherwise, of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The *Watson* opinion and order constitute an "order or other paper" within the meaning of § 1446(b). *See Doe v. American Red Cross*, 14 F.3d 196, 201-202 (3d Cir. 1993) (order from a superior court in one action directed at a particular defendant constitutes an "order" under 28 U.S.C. §1446(b) in different action against same defendant in inferior court in same jurisdiction), *see also Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 267-68 (5th Cir. 2001); *Smith v. Burroughs Corp.*, 670 F.Supp. 740, 741 (E.D. Mich. 1987).

12. Within the meaning and policies of section 1446(b), B&W first "ascertained" that this case was removable on the basis of the federal officer jurisdiction only upon receipt of the *Watson* opinion. 28 U.S.C. § 1446(b). The removal statute sets a 30-day time limit to remove from "receipt by the defendant" of either "the initial pleading" or an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* "The plain purpose of the rule is . . . to permit the removal period to start only after the defendant is able to ascertain intelligently that the requisites of removability are present." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979). The "ascertain intelligently" standard requires that the "[i]f

5


the statute is going to run, the notice [triggering it] ought to be unequivocal." *Id.* at 489. In this case, B&W first received unequivocal notice that the case would be held removable under section 1446(b) when it received the *Watson* opinion and order. Indeed, before *Watson*, numerous district courts, including this Court, rejected federal officer removal of substantially identical cases. *See* Memorandum and Order, *Collora v. R.J. Reynolds, et al.*, Case No. 4:04CV0052HEA (E.D. Mo. Sept. 30, 2004) (Ex. C). B&W, therefore, did not "ascertain" that the case would be held removable until *Watson*. Any doubt as to the removability of this action should be resolved in favor of removal given the strong federal policy in favor of construing the federal officer removal statute broadly.

13. The *Watson* opinion and order was entered on the docket of the Eighth Circuit on August 25, 2005. Accordingly, this Notice of Removal is timely.

14. Written notice of the filing of this Notice of Removal has been delivered to all parties through their counsel of record. A copy of this Notice of Removal will be filed promptly with the Clerk of the court of the Circuit Court for the Twenty-Second Judicial Circuit of Missouri (City of St. Louis).

15. B&W reserves the right to amend or supplement this Notice of Removal.

16. This is not an action described in 28 U.S.C. §1445.

17. The U.S. District Court for the Eastern District of Missouri is the appropriate Court for the filing of this Notice of Removal because it is the district embracing the place where the action is pending, which is the Circuit Court for the City of St. Louis, Missouri.

18. A copy of the process, pleadings and orders served upon this defendant in this action is attached hereto. (Ex. D).

19. Removal is proper under 28 U.S.C. § 1442(a)(1), the "federal officer removal statute," for the reasons stated above.

DATED this 23rd day of September, 2005.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

_____
Frank N. Gundlach #3291
Matthew S. Shorey #92491
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740
(314) 621-5070
(314) 621-5065 (facsimile)

William E. Hoffmann, Jr.
W. Randall Bassett
KING & SPALDING, LLP
191 Peachtree Street
Atlanta, Georgia 30303-1763
(404) 572-4600
(404) 572-5144 (facsimile)

ATTORNEYS FOR DEFENDANT BROWN &
WILLIAMSON TOBACCO CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via first class mail, postage prepaid on this 23rd day of September, 2005, to:

>Mark I. Bronson
>Newman Bronson & Wallis
>2300 West Port Plaza Drive
>St. Louis, Missouri 63146-3213

*[signature]*