UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICHARD BLACK, AND JEROME HILL, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiffs, ) | Cause No. 4:05CV01544EA |
| ) | |
| vs. ) ) | |
| BROWN & WILLIAMSON TOBACCO CORPORATION, ET AL., ) ) ) ) | |
| Defendants. ) | |

## I.      INTRODUCTION

Defendant removed this case from the Circuit Court of the City of St. Louis on September 23, 2005 based upon "Federal Officer" jurisdiction, 28 U.S.C. § 1442(a)(1). Plaintiffs move to remand pursuant to 28 U.S.C. § 1447(a).

As will be shown herein, Plaintiffs' Motion to Remand should be granted because:

- Defendant's removal is untimely;

- The Eighth Circuit panel's decision in *Watson v. Philip Morris Cos.*, 420 F.3d. 852 (8th Cir. 2005) (hereinafter "*Watson II*") is not "an order or other paper" within the meaning of 28 U.S.C. § 1446(b);

- *Watson v. Philip Morris Cos.* (E.D. Ark., No. 4:03-CV-519, Dec. 12, 2003) (hereinafter "*Watson I*") (and hence *Watson II*) was decided based upon a one-sided factual record, as plaintiffs' counsel submitted no evidence whatsoever to the District Court; had such evidence been presented the *Watson* courts would no

1

doubt have issued decisions consistent with the overwhelming majority of courts that have remanded actions involving tobacco companies;[1]

- The theories upon which Plaintiffs bring this state consumer action are consistent with *Tremblay v. Philip Morris, Inc.*, 231 F. Supp. 2d 411 (D.N.H. 2002), a "light" cigarette case, which as stated by the Watson II court was appropriately remanded.

**II.     PROCEDURAL HISTORY**

This action was filed and has been pending in the Circuit Court of the City of St. Louis since November 29, 2000.   The Plaintiffs seek damages for themselves and the class for Defendants' violation of the Missouri Merchandising Practices Act, arising out of the sale of "Light" cigarettes to consumers in Missouri.   Defendants' Answers to the petition were filed on February 9, 2001.

On September 23, 2005, Defendant removed this case based upon their receipt of the Eighth Circuit's decision in *Watson II* on August 25, 2005.  Defendant incorrectly describes the *Watson II* case as an "order or other paper from which it first may be ascertained that the case is one which is or has become removable." Notice of Removal, para. 11.  Defendant does not attempt to explain why it did not seek removal after the decision by the Arkansas District Court

---

[1] *Watson II* is currently the subject of a Motion for Reconsideration or, In the Alternative, for Rehearing *En Banc*. Two separate groups of *Amici* (Public Citizen and AARP, Exh. 1, and the Campaign for Tobacco-Free Kids, the American Cancer Society, the American Heart Association, the American Lung Association and former FTC Commissioner Michael Pertschuk, Exh. 2) have filed briefs, including attached exhibits and internet references, concerning the FTC's involvement with the tobacco industry.  On the basis that the Eighth Circuit Panel was never presented these materials as part of the record below, Defendant Philip Morris has moved to strike all references to all Exhibits referred to by these briefs as well as the entire brief of the Campaign for Tobacco-Free Kids, *et al.*, Exh. 3.

2

in *Watson I*. Nor does it attempt to explain why it did not attempt to removal this case within thirty days of first being served with Plaintiffs' petition.

While the *Watson* court was forced to decide the removal issue based upon a one-sided record due to the fact that plaintiffs' counsel in *Watson* submitted no documents, affidavits or other records to counter Defendants' one-sided presentation of the record, every other court to consider the question of a tobacco company attempting to remove a state court action on the basis of 28 U.S.C. § 1442(a)(1) has remanded the action.

### III.     DEFENDANT'S REMOVAL IS UNTIMELY

Federal removal jurisdiction is derived entirely from Congressional statutory authorization. One must look to federal law to determine whether defendants have established the elements of removal jurisdiction. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). The removal procedures are set forth in 28 U.S.C. § 1446. Section 1446(b) establishes removal time requirements:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ….
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ….

"[F]ederal removal jurisdiction – restricting as it does the power of the states to resolve controversies in their own courts – requires strict construction of the legislation permitting removal." *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002) (citing *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09). *See also Boyer v. Snap-On Tools Corp.*, 913 F.2d 108,

3

111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991); *Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980).  Doubts about removal or questionable removal procedure must be resolved in favor of state court jurisdiction and remand. *See Boyer*, 913 F.2d at 111; *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Removal in this case was not timely, because it was done more than four years after service and answer to Plaintiffs' Petition — at a time when both the theoretical legal and factual bases for such removal had existed for decades.  Thus, Defendant's removal fails on two separate procedural grounds: (1) the *Watson II* decision was not when Defendant "first" "ascertained" that there were theoretical grounds for removal; and (2) *Watson II* is not an "order or other paper" upon which Defendant can base an untimely removal.

Section 1446(b) requires that removal occur within 30 days from the date at which it "might first be ascertained" that there are theoretical grounds for removal based upon 28 U.S.C. § 1442(a)(1).  In order to demonstrate that it could not have ascertained the possibility of removal earlier, Defendant must show that the "initial pleading provides 'no clue' that the case is actually removable."  *Kaneshiro*, 496 F. Supp. at 460.  *See also Spreeman v. HealthSouth Corp.*, 1996 WL 129814, at *3 (D. Kan. Feb. 27, 1996) ("The vast majority of cases that have considered this question since *Kaneshiro* have followed the above standard.") (Exh. 7).  Yet Defendant cannot plausibly assert that it meets this standard because it unquestionably had a "clue" that Section 1442(a)(1) was a theoretical grounds for removal long before the *Watson II* decision.

*First*, Defendant cannot legitimately claim that when it received Plaintiffs' Complaint in 2000, it had "no clue" they could remove pursuant to federal officer removal jurisdiction.  None

4

of the facts they now allege surrounding the FTC's involvement with their industry are any different than they would have been when Plaintiffs' petition was first filed. Indeed, both *Watson* decisions are based on the FTC's 1970 withdrawal of its proposed regulation in favor of a voluntary agreement by a group of tobacco manufacturers to report tar and nicotine levels. *See* Exh. 8. Given that the Federal Officer Removal statute in its present form was first enacted in 1948 and has not been amended since 2000 and that all of the facts upon which Defendant now seeks to remove have been the same for well over twenty years, Defendant cannot realistically claim that it "first" "ascertained" this basis for removal two months ago.

***Second***, even if this Court accepts Defendant's argument that they could not have ascertained when the Complaint was filed that there may be theoretical grounds for removal, it strains credulity to further accept that the *Watson I* decision did not "clue" them in. Rather, after *Watson I* was issued, Defendant chose not to remove this action and instead to await the outcome of the class certification and appeals process in the Missouri "lights" of *Craft v. Philip Morris*, pending in the Circuit Court of the City of St. Louis, cause number 002-00406A. It was only after that case was certified and Philip Morris' appeal was rejected that Defendant herein chose to remove this case. It is axiomatic that Defendant cannot make a strategic election of the forum of its choice and then belatedly request remand when a court's decision is not of its liking.

In awaiting the outcome of the Missouri appellate court's decision in *Craft v. Philip Morris* and filing removal papers after almost five years of litigation, Defendant is attempting to pick and choose a convenient jurisdiction. By abusing the process in this fashion, Defendant has wasted judicial resources in both the federal and state court systems and have burdened Plaintiffs with their gamesmanship. In *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 300 (E.D. Mo. 1997), Judge Perry explained:

5

>The § 1446(b) time limit is not jurisdictional, but instead establishes the procedure to transfer to federal court a case over which the federal court would have had original jurisdiction. *St. Louis Home Insulators v. Burroughs Corp.*, 597 F. Supp. 98, 99 (E.D. Mo. 1984).  The time limit is mandatory, however, and a timely motion to remand for failure to observe the thirty-day limit will be granted. *Id*.  Removal statutes are to be strictly construed, *Kaneshiro v. North American Co. for Life & Health Ins.*, 496 F. Supp. 452, 460 (D. Haw. 1980) (quoting *Bradley v. Maryland Casualty Co.*, 382 F.2d 415, 419 (8th Cir. 1967)), and must be construed in favor of state court jurisdiction. *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1287 (W.D. Ark. 1987).  A defendant who fails to remove within the thirty-day period waives the right to remove at a later time. *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 795 (S.D. W. Va. 1985).  A defendant waiving removal on the initial petition does not regain the opportunity to remove the matter based on subsequent events.

*Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989).

Where an initial pleading reveals a ground for removal, the defendant must remove within 30 days. *Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  This is certainly true in the instant case, as the predicate statute and the legal basis for Defendant's removal have existed for decades.  Furthermore, even if the complaint does not reveal any removal grounds and defendant is not initially bound by the 30 day limit, any extension of the removal period where the initial pleading does not state the factual or legal bases for removal cannot be allowed.  *Id.* at 163.  Section 1446(b)'s time requirements' purpose is to prevent undue delay in removal and the concomitant waste of judicial resources.  *Id.*  Moreover, the statute is designed to avoid a situation where defendant, "once having identified the case as one removable to federal court, could retain the unfair advantage of being able to remove the case at will." *Hubbard v. Union Oil Co. of Cal.*, 601 F. Supp. 790, 795 (S.D. W. Va. 1985).  That is the situation in this case.

Simply put, the defendant who fails to remove within the 30 day period waives the right to remove later.  If a case is removable from the outset, it must be removed within § 1446(b)'s initial 30 day period.  Subsequent events do not make it "more removable" or "again

6

removable." *Hubbard*, 601 F. Supp. at 795. Defendant cannot delay removal at its whim just by asserting that they recently "ascertained" the possibility of federal jurisdiction.

> **IV.    THE EIGHTH CIRCUIT PANEL'S DECISION IN *WATSON II* IS NOT "AN ORDER OR OTHER PAPER" WITHIN THE MEANING OF 28 U.S.C. § 1446(b)**

Defendant's argument that *Watson II* triggered the second § 1442(b) 30-day period is misguided, because decisions in other cases do not constitute an "order or other paper" for § 1446(b) purposes. As stated by Professors Wright and Miller in their treatise:

> [T]he publication of opinions by other courts dealing with subjects that potentially could affect a state court suit's removability or documents not generated as a result of the state litigation are not recognized as "other paper" sources for purposes of starting a new thirty-day period under Section 1446(b).

Wright & Miller, *14C Fed. Prac. & Proc. Juris. 3d* § 3732 (1998) (footnotes omitted).

The overwhelming weight of authority considering whether a decision in another case with different parties qualifies as an "order or other paper" under § 1446(b) has concluded that such decisions do not. For instance, in *Johansen v. Employee Benefit Claims, Inc.*, 668 F. Supp. 1294, 1295-97 (D. Minn. 1987), the defendants removed after two U.S. Supreme Court decisions established a basis for federal jurisdiction. Despite the decisions of the U.S. Supreme Court, Judge MacLaughlin noted that "every court which has faced the issue present in this case has construed the phrase 'or other paper' as referring solely to documents generated within the state court litigation itself." *Id*. at 1296. The court concluded that the term "other paper" in the § 1446(b) removal exception referred only to documents relating to the state proceeding — not to court decisions in other cases. *Id.* at 1296-97. In fact, the *Johansen* decision cited to the earliest decision concluding that other decisions do not trigger the § 1446(b) 30 day time limit, *Putterman v. Daveler*, 169 F. Supp. 125, 129 (D. Del. 1958), which reasoned:

7

> Surely the language of the Statute 'copy of amended pleading, motion [or] order' must refer to a pleading, motion or order in the case then pending and which would appear in the record. I cannot think that the phrase 'or other paper' is intended to override the expressed sources and refer to any extraneous paper but means some other paper appearing in the record of the Court which might not fall within the express language used.

The *Johansen* court concluded that "[t]his construction has been universally followed by every other court which has addressed the precise issue in the case at bar." 668 F. Supp. at 1297.[2]

More recent cases have also held that decisions in other actions are not "orders or other papers" for § 1446(b) purposes. *See Morsani v. Major League Baseball*, 79 F. Supp.2d 1331, 1333-34 (M.D. Fla. 1999) (decision in different case is not an "order or other paper" under § 1446(b); statute's plain language implies the occurrence of an event within the proceeding itself); *Lozano v. GPE Controls*, 859 F. Supp. 1036, 1038 (S.D. Tex. 1994) (judicial opinion in a different case not "other paper" under § 1446(b)); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286, 1289 (W.D. Ark. 1987) (recently decided decisions are not "other paper" under § 1446(b); "[t]he statute contemplates the existence of 'both an amended pleading or paper and a ground for ascertaining removability exists for the first time' … 'other papers' is limited to some action taken by one of the parties to the lawsuit which affects the posture or procedure of the case … the court does not 'buy' the proposition that the decision of a court – even the Supreme Court – constitutes 'other papers' within the meaning of section 1446(b)"); *Hollenbeck  v. Burroughs Corp.*, 664 F. Supp. 280, 281 (E.D. Mich. 1987) (Supreme Court decision establishing ERISA

---

[2] *See also Avco Corp. v. Int'l Union*, 287 F. Supp. 132, 133 (D. Conn. 1968) (subsequent U.S. Supreme Court opinion not "other paper"); *O'Bryan v. Chandler*, 496 F.2d 403, 412 (10th Cir.), *cert denied*, 419 U.S. 986 (1974) (noting *Avco* was rightly decided); *Sclafani v. Ins. Co. of North America*, 671 F. Supp. 364, 365 (D. Md. 1987) (subsequent decision in a related case did not constitute an "order or other paper"); *Gruner v. Blakeman*, 517 F. Supp. 357, 360-61 (D. Conn. 1981) (same); *Growth Realty Cos. v. Burnac Mortgage Investors Ltd.*, 474 F. Supp. 991, 996 (D.P.R. 1979) ("other paper" cannot refer to pleadings in separate case between different parties).

preemption in a different case not paper under § 1446(b)'s "other paper" exception which "conditions removability on voluntary actions of a plaintiff, rather than factors beyond a plaintiff's control"); *Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (E.D. Mich. 1979) (extension of time to remove under § 1446(b) only permissible when defendant receives subsequent information "from the plaintiff").

In the face of this overwhelming authority, Defendant cites to only three cases supposedly supporting their right to remove under § 1446(b)'s "order or other paper" exception: *Doe v. American Red Cross*, 14 F.3d 196 (3d Cir. 1993), *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263 (5th Cir. 2001) and *Smith v. Burroughs*, 670 F. Supp. 740 (E.D. Mich 1987) Notice of Removal, para. 11.  Of note, neither of these decisions are from the Eighth Circuit, which is replete with contrary authority.  *See, e.g.*, *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997) (removal within 30 days of Arkansas Supreme Court case untimely under § 1446(b)); *Holiday v. Travelers Ins. Co.*, 666 F. Supp. 1286; *Johansen v. Employee Benefit Claims, Inc.*, 668 F. Supp. 1294.  While the Eighth Circuit adheres to the general policy that sister circuits' reasoned decisions deserve weight, reasoned analysis would not allow the Eighth Circuit to follow the decisions on which Defendant relies.  *United States v Auginash*, 266 F.3d 781, 784 (8th Cir. 2001).

In *American Red Cross v. Doe*, 14 F.3d 196 (3d Cir. 1993, the Red Cross initially removed the *Doe* cases, which involved state-law claims alleging provision of contaminated blood, alleging that, under its federal charter, federal subject matter jurisdiction existed over all suits filed against it.  The district court disagreed and remanded.  *Id.* at 197-98.  The Supreme Court then decided another contaminated blood case, *American National Red Cross v. S.G.*, 505 U.S. 247, 257 (1992).   Significantly, the Supreme Court concluded the Red Cross could remove

*all such suits*, stating the issue was whether the Red Cross' federal charter conferred original jurisdiction on federal courts over all Red Cross cases and authorizing it "to remove from state to federal court any state-law action it is defending." *Id.* at 248.

Thereafter the Red Cross again removed *Doe*. *Doe*, 14 F.3d at 198. The Third Circuit "viewed *S.G.* not simply as an order emanating from an unrelated action but rather as an unequivocal order directed to a party … explicitly authorizing it to remove any cases it [was] defending." *Id.* at 202. Therefore removal was proper under § 1446(b). *Id.* at 202-03. Notably, the court expressly distinguished its "extremely confined [and] narrow" ruling from the contrary body of authority on which Plaintiffs herein rely. *Doe*, 14 F.3d at 202 n.8. Of course, the United States Supreme Court has issued no such order in favor of Brown & Williamson's removal in any case.

Defendant's reliance on *Green v. R. J. Reynolds Tobacco Company,* 274 F.3d 263 (5th Cir. 2001) is similarly misplaced. *Green* only held that under the "very narrow circumstances" of that case was an opinion in another case an "order" triggering § 1446(b) removal. The fatal distinction for Defendant regarding this citation is that ***the predicate requirement articulated in Green was that the cases "involve the same defendant."*** *Id.* at 267. The court in *Green* relied upon the "order" language in Section 1446(b), not the "other paper" provision. That is not the case – and cannot be the case – here because none of the defendants in this case was a defendant in *Watson*. Defendant cannot possibly maintain that a decision in a different case, to which they are not a party, could be an "order" "directed to" them. *Green* does not apply.

Finally, *Green* never holds that a defendant can pick and choose which decision from a different case it wants to call the "first" decision. Even if Defendant "first" "ascertained" possible removability through the decision in *Watson I*, there is no justification for awaiting a

10

second "order or other paper" from *Watson* to remove this case.  Moreover, *Green* recognizes

> Most other courts to address the issue have found court decisions in unrelated cases not to constitute 'orders' or 'other papers' under § 1446(b) and are not to be grounds for removal.

*Id*. at 266.

*Smith v. Burroughs*, 670 F. Supp. 740 (E.D. Mich 1987) is unpersuasive, particularly given the fact that it has been "abandoned" by the Eastern District of Michigan.  *See Morsani*, 79 F. Supp.2d at 1335.  Indeed, no court has followed *Smith*.[3]  Subsequently, *Smith* was found "unpersuasive" by another court in the Eastern District Michigan which refused to follow it and remanded an improperly removed case.  *See Kocaj v. Chrysler Corp*., 794 F.Sup. 234, 236 (E.D. Mich. 1992) (opinion in unrelated case is not "other paper" under § 1442(b); "[statutory] language plainly refers to items served or otherwise given to a defendant in a state court case").

In conclusion, the limited authority cited in Defendant's Notice of Removal supporting removal under § 1446(b) based upon receipt of a decision in a different case is against the overwhelming weight of authority from courts across the country and, even if followed, are limited in scope to decisions that "expressly authorized that same defendant to remove an action against it in another case."  *Doe*, 14 F.3d at 203.

### V.    *WATSON I* AND HENCE *WATSON II* WERE DECIDED BASED UPON A ONE-SIDED FACTUAL RECORD, AS PLAINTIFFS' COUNSEL

---

[3] In *Smith*, defendant fought remand claiming change of law based on an unrelated decision. The court refused remand applying § 1446(b), adopting without explanation or analysis *Warren Bros Co. v. Community Building*, 386 F. Supp. 656 (D.N.C. 1974) as its only precedent. However, *Warner Bros.* only held that dismissal of the named diverse party, a forum citizen whose presence previously blocked removal under 28 U.S.C. § 1446(b), must be voluntary to trigger removal.  *See Warner Bros*., 386 F. Supp at 660.  *Warner Bros.* did not address whether another a case decision from a different court could expand § 1446(b) removal jurisdiction. *Warner Bros* actually then provides no support for *Smith*.  While the *Smith* court mistakenly relied upon *Warner Bros.'* *dicta* to conclude that § 1446(b) applies to any action not originally removable, that observation in *Warner Bros.* was intended only to point out that the section allowed removal upon any relevant change **within a case**.  *See Id.* at 660.

11

### SUBMITTED NO EVIDENCE WHATSOEVER TO THE DISTRICT COURT

The plaintiffs in *Watson* did not file any exhibits or affidavits whatsoever in support of their motion to remand or in response to defendants' voluminous filings which were similar to those filed by Defendants herein.  Although the record made by the defendants in *Watson* may be similar to that made by Defendants here, *there was no record made by the plaintiffs in Watson*.

The Eighth Circuit Panel in *Watson II* made clear that its decision was based on "the record in this case."  420 F. 3d at 859.  As a result, like any decision missing essential facts, the *Watson* cases' factual conclusions and concomitant decision are inconsistent with the findings of every other court to review the FTC's "regulation" of the tobacco industry.  The record here is different.  Based on the record submitted herewith (*see* Exhs. 8, 10A, 10B, 10C, 11, 12, 13, 14, 15, 16, 17, 18A, 18B, 19, 20, 21, 22, 23), it is quite unlikely that the Eighth Circuit would reach the same conclusion.

Indeed, the one-sided nature of the record before the Court is the only reasonable explanation as to why the *Watson* decisions are the FIRST and ONLY findings by any court that a tobacco company is a federal officer under 28 U.S.C. § 1442.  *Watson II*, 420 F.3d at 857 ("every other district court confronted with tobacco companies alleging they were acting under a federal officer has remanded the case to state court").  The contrary authority is extensive.  *See Tremblay v. Philip Morris, Inc.*, 231 F. Supp. 2d 411, 416-19 (D.N.H. 2002); *Kelly v. Philip Morris USA Inc.*, S.D. Ill., Case No. 03-CV-0207-MJR, Memorandum and Order, Apr. 8, 2003 (Exh. 24); *Kelly v. Philip Morris USA Inc.*, Case No. 03-CV-0305-MJR, S.D. Ill., Memorandum and Order, June 10, 2003 (Exh. 25); *Pearson v. Philip Morris, USA, Inc.*, Case No. 03-CV-178-HA, D. Or., Opinion and Order, August 8, 2003 (Exh. 26); *Lowry v. Philip Morris USA, Inc.*, Case No. 03-CV-661-GPM, S.D. Ill., Memorandum and Order, Dec. 18, 2003 (Exh. 27); *Squires*

*v. Martin & Bayley, Inc.*, Case No. 03-CV-845-MJR, S.D. Ill., Memorandum and Order, Jan. 30, 2004 (Exh.28).

Since the *Watson I* decision, numerous other federal courts have held contrary to the unique position of *Watson*: *Virden v. Altria Group, Inc. and Philip Morris USA*, 304 F.Supp.2d 832 (N.D. W. Va. Jan. 30, 2004); *Stern v. Philip Morris USA, Inc.*, 03-CIV-2526 (WJM), slip op. (D.N.J. Feb. 13, 2004) (Exh. 29); *Hammond v. Philip Morris*, No. 03-821-JE (D. Or. Feb. 26, 2004) (Exh. 30); *Arnold v. Philip Morris USA, Inc.*, Case No. 03-cv-0403 (MJR), slip op. (S.D. Ill. Mar. 2, 2004) (Exh. 31); *Huntsberry v. R.J. Reynolds*, No. C04-1266L, (D. Wash. Sept. 3, 2004) (Exh.9); *Collora v. R. J. Reynolds Tobacco Co*., No. 4:04CV00052HEA (D. Mo. Sept. 30, 2004) (Exh. 32); *Paldrmic v. Altria Corporate Servs.*, 327 F. Supp. 2d 959 (E.D. Wis. 2004); *Lucas v. Martin & Bayley, Inc.*, Case No. 05-CV-0410-MJR (S.D. Ill. Aug. 26, 2005) (Exh. 33). In the case of *Davies v. Philip Morris USA, Inc.*, No. C04-1250L (D. Wash. Sept. 3, 2004), not only was the defendants' motion to remove rejected by the District Court, but the defendants were sanctioned fees and costs for wrongful removal and did not appeal that sanctions order. Exh. 34 .   These decisions firmly establish the lack of any basis in fact or law for Defendants' contention—or for the *Watson* decision for that matter—that federal officer removal applies in a case such as this.   The *Watson* decisions thus are a clear departure from the otherwise well settled principle that tobacco companies are not "federal officers" as a result of the FTC's involvement.

>   **VI.   THE THEORIES UPON WHICH PLAINTIFFS BRING THIS STATE CONSUMER ACTION ARE CONSISTENT WITH *TREMBLAY*, A "LIGHT" CIGARETTE CASE, WHICH AS STATED BY THE *WATSON II* COURT WAS APPROPRIATELY REMANDED.**

The *Watson II* court distinguished *Tremblay*, 231 F. Supp. 2d 411, by stating that:

13

> *Tremblay v. Philip Morris*, 231 F. Supp. 2d 411, 418-419 was drawn more narrowly than Watson's and Lawson's complaint.  The court in *Tremblay* held that Philip Morris's actions were not conducted under the direction of a federal officer or agency because the complaint did not challenge the "enforcement or wisdom of any FTC policy, procedure or regulation." *Id.* at 419.  Instead, the complaint alleged that Philip Morris manipulated the FTC's policies and exploited the Cambridge Filter Method.  *Id* at 419.

*Watson II*, 420 F.3d at 852.

Indeed, the Complaint in this case was drafted consistent with the Complaint in *Tremblay v. Philip Morris*.    As is stated by the *Tremblay* court, neither in this case nor in *Tremblay* "do the plaintiffs challenge the enforcement or wisdom of any FTC policy, procedure or regulation." *Tremblay*, 231 F. Supp. 2d at 419.  "Further," neither complaint alleges "that [defendant] is liable simply for complying with the Cambridge Filter Method and FTC advertising policies."  *Id.*  Rather, they each "clearly and concisely allege ... that [defendant] engages in a course of conduct aimed at manipulating the FTC's policies by exploiting loopholes in the Cambridge Filter Method."  *Id.*

First, neither this case nor *Tremblay* are cases "where plaintiffs seek to challenge federal policy or official action in a state court forum. Rather, the plaintiffs challenge the conduct of a private corporation, acting without direction from a federal officer or agency."  *Id.*  The reality is that the theories upon which Plaintiffs bring this state consumer action are consistent with *Tremblay v. Philip Morris*, 231 F. Supp. 2d 411 (D.N.H. 2002), a "light" cigarette case, which as stated by the *Watson II* court, was appropriately remanded.  Second, 28 U.S.C. § 1442(a)(1) does not authorize removal merely because an industry is regulated by the Federal government, especially when those regulations are  designed for the public to have knowledge of the inherent hazards of its dangerous products.  Third, the factual predicate of overwhelming FTC oversight purported by Defendant to exist does not comport with the FTC's true relationship with the Defendant nor the bases for Plaintiffs' actions herein such as to fulfill all three Supreme Court

14

requirements enunciated in *Mesa v. California*, 489 U.S. 121, 126 (1989) and, thereby, permit Defendant to remove actions against them pursuant to 28 U.S.C. § 1442(a)(1).  Fourth, the defense of "preemption" does not qualify as the type of colorable Federal Immunity defense which permits removal pursuant to 28 U.S.C. § 1442(a)(1).  Fifth, Plaintiffs contend that a corporation is not a "person" for the purposes of 28 U.S.C. § 1442(a)(1) jurisdiction, though this is an issue which has never been addressed by the U.S. Supreme Court.  Therefore, even if this Court were to somehow find Defendant's removal timely (which it is not), this Court should conclude based upon the record now before it, that "allowing this action to be litigated in state court will not interfere with the course of the FTC's duties nor its policies regarding the regulation of the cigarette industry."  *Tremblay*, 231 F. Supp. 2d at 419.

## VII.   CONCLUSION

This action was wrongfully removed after almost five years of active litigation in state court.  Plaintiffs respectfully request that this action be remanded to the Circuit Court of the City of St. Louis.

RESPECTFULLY SUBMITTED,

/s/ Mark I. Bronson  ED MO #10346
NEWMAN, BRONSON & WALLIS
2300 West Port Plaza Drive
St. Louis, Missouri 63146
(314) 878-8200

Stephen M. Tillery
KOREIN TILLERY
701 Market Street, Suite 300
St. Louis, Missouri 63101
(314) 241-4844

Stephen A. Swedlow
Robert L. King
SWEDLOW & KING, LLC
70 West Madison, Suite 660
Chicago, Illinois 60602

Gerson H. Smoger
SMOGER & ASSOCIATES, P.C.
3175 Monterey Boulevard, Suite 3
Oakland, California 94602
(510) 531-4529

ATTORNEYS FOR PLAINTIFFS